IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTONIO RODRIGUEZ-RAMIREZ                                        PLAINTIFF

v.                           Civil No. 06-5062

SHERIFF TIM HELDER;
and DR. HOWARD                                                   DEFENDANTS

**ORDER**

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis.

On August 1, 2007, the plaintiff filed a motion for discovery (Doc. 20). The motion for discovery is based on a form motion for discovery utilized to conduct discovery in criminal cases. The motion asks for certain items that do not apply to this case such as statements made by co-defendants.

Rules 33 and 34 of the Federal Rules of Civil Procedure allow the parties to civil cases to seek discovery by asking the opposing party (in this case the plaintiff would ask the defendants) written questions called interrogatories and requests for the production of documents or other tangible items. These discovery requests are not filed with the court. Fed. R. Civ. P. 5(d). Instead, plaintiff would send the interrogatories or requests for production of documents directly to defendants' counsel. For this reason, the motion for discovery (Doc. 20) is denied.

Plaintiff also filed a motion for appointment of counsel (Doc. 21). Plaintiff states his knowledge of the law if very limited. He also states he is unable to speak English.

"Indigent civil litigants do not have a constitutional or statutory right to appointed

-1-

counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted).

"Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel." *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006)(*citing* 28 U.S.C. § 1915(e)(emphasis added)). In determining whether to appoint counsel, the court should consider: "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citation omitted).

Upon review of the file, I believe the plaintiff is able to represent himself. Plaintiff has, with the court's assistance, filed an addendum to his complaint (Doc. 9) and has responded to a summary judgment motion (Doc. 22).

We note that plaintiff indicated in responding to the summary judgment motion that he cannot speak or read English and worked through a translator in preparing the documents he has submitted to the court. He also noted in his motion for appointment that he cannot speak English. Despite this, he was able to respond to all inquiries from the court. Plaintiff's response was easily understandable and it was obvious from the answers that plaintiff understood the court's questions and the issues. The motion for appointment of counsel (Doc. 21) is denied.

IT IS SO ORDERED this 4th day of September 2007.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)